537 Pa. 434 (1994)
644 A.2d 1161
PENNSYLVANIA STATE TROOPERS' ASSOCIATION (Trooper David S. Kornguth), Appellant,
v.
PENNSYLVANIA STATE POLICE, Appellee.
Supreme Court of Pennsylvania.
Decided June 29, 1994.
Argued April 7, 1993.
*435 Gary M. Lightman, Harrisburg, for Pa. S.T.A.
Richard H. Galloway, Greensburg, for D.S. Kornguth.
Joanna Reynolds, Harrisburg, for Pa. St. Police.
Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

OPINION
NIX, Chief Justice.
Appellant, Pennsylvania State Troopers' Association ("Association"), appeals from the Order of the Commonwealth Court which sustained preliminary objections raised by Appellee, Pennsylvania State Police ("State Police"), and dismissed the Association's Petition for Review. Pursuant to section 723 of the Judicial Code, 42 Pa.C.S. § 723(a), this Court has direct review over appeals from final orders of the Commonwealth Court in matters commenced in that court.
*436 This case arises from a grievance arbitration award issued July 15, 1991, which overturned all sanctions imposed by the State Police against Trooper David S. Kornguth. Trooper Kornguth had previously been before a Court Martial Board on February 28, 1990, which recommended that he be disciplined and dismissed for various actions it deemed to be violations of Pennsylvania State Police Field Regulations. Record at 10a. The Board's recommendations, including the recommendation for dismissal, were subsequently adopted by the Commissioner. Record at 17a. Despite the dismissal, the State Police notified Kornguth on July 16, 1990, that he was eligible under a prior arbitration award to elect to have his case tried under a contractual grievance procedure that would culminate in binding arbitration. Record at 10a. Kornguth elected arbitration and a hearing was held on June 15, 1991. Id.
In an opinion and award issued July 15, 1991, the arbitrator ordered that all charges against Kornguth be withdrawn and all sanctions previously imposed be overturned. Record at 23a. The arbitrator additionally ordered that Kornguth
submit himself for a psychological evaluation by a professional of the employer's choosing to determine whether he is able to return to work as a regular State Police officer. If the evaluation is such that [Kornguth] can be returned to full-time, regular duty, he will be reinstated as a State Police officer with all lost benefits and salary restored, less offsets for compensation and regular earnings during his absence.
Record at 23a (emphasis added). The State Police selected Dr. Gene L. Cary, a psychiatrist, to evaluate Trooper Kornguth and determine his fitness to return to full-time, regular duty.
After conducting a psychiatric evaluation, Dr. Cary issued a report recommending that Kornguth
be restored to restricted duty for six months without the use of firearms and that his behavior be closely monitored. If he cannot adhere to the duties and conform to the *437 conduct and regulations expected of an officer of the Pennsylvania State Police and while under psychiatric and psychotherapeutic treatment . . ., then it is the recommendation of the undersigned that he be discharged from the Pennsylvania State Police as unfit psychiatrically to serve in the Pennsylvania State Police.
Record at 29a. Because it was not clear from the report whether Trooper Kornguth could return to full-time duty, the State Police requested a clarification from Dr. Cary as to whether Kornguth was capable of returning to full-time, unrestricted duty as a Pennsylvania State Trooper. In response to this request, Dr. Cary sent a letter stating that "Trooper Kornguth is not capable of returning to unrestricted full-time duty and the recommendation is to restrict the use of firearms and to have his behavior monitored by direct supervision." Record at 30a. Dr. Cary again emphasized that Kornguth's "behavior be closely monitored for at least six months before consideration is given to reinstating him to full-time regular duty." Record at 31a.
Based upon Dr. Cary's evaluation and recommendations, the Deputy Commissioner of Administration sent Trooper Kornguth a letter indicating that he would not be reinstated. Record at 32a. In addition, the Deputy Commissioner noted that the State Police would not be implementing the arbitrator's award of back pay because that award was contingent on a favorable evaluation and Kornguth's return to work. Id.
In response to the actions taken by the State Police, the Pennsylvania State Troopers' Association filed a Petition for Review in the nature of a writ of mandamus in the Commonwealth Court. The State Police filed a Motion to Dismiss which, by court order, was treated as preliminary objections to the Petition for Review. The parties submitted briefs and oral argument was heard on April 16, 1992. Shortly thereafter, the court, in a memorandum opinion, sustained the preliminary objections of the State Police and dismissed the Association's Petition for Review. Pennsylvania State Troopers' Ass'n (Trooper David S. Kornguth) v. Pennsylvania State *438 Police, No. 354 M.D.1991 (Commw.Ct. filed April 23, 1992). In so doing, the court noted that
[w]hile the petitioner's action in the nature of a mandamus merely requests this Court to direct the [State Police] to implement the "opinion and award of July 15, 1991," it is quite clear from the brief and oral argument that what [the Association] is seeking is a return to employment of Kornguth under the restrictions outlined in the psychiatrist reports [sic], among which are the advice that he be unarmed.
Id. at 3. The court then concluded that "while it may have been more humane for the [State Police] to accept the psychiatrist's suggestions, we are convinced that [the State Police were] not compelled to do so by the arbitrator." Id. Consequently, the Association's Petition for Review was dismissed. On appeal to this Court, the Association presents three related issues concerning the validity of the Commonwealth Court's decision.
The Association first contends that, contrary to the assertions of the State Police and the analysis of the Commonwealth Court, the arbitrator's award does not require that Kornguth immediately and unconditionally resume all of his duties, but only that a determination be made as to whether he can be returned to his regular duty. The Association therefore argues that by not reinstating Kornguth, the State Police refused to follow the direction of its psychiatrist because his reports indicate that Kornguth might be able to resume his full-time duties.
The State Police respond by pointing out that the Association's argument assumes, without factual basis, that the arbitrator directed the State Police to follow the psychiatrist's recommendations. We agree and find that the arbitration award does not provide any basis to conclude that the State Police are bound to follow the psychiatrist's recommendations. Nor can any such requirement be inferred from the unambiguous language of the arbitrator's award which states, "[i]f the evaluation is such that [Kornguth] can be returned to full-time, regular duty, he will be reinstated as a State Police *439 officer. . . ." Record at 23a. The arbitrator's award created a duty to reinstate Kornguth contingent upon a psychiatric evaluation indicating that he was capable of returning to full-time, regular duty. The psychiatric evaluation of Kornguth stated that he was "not capable of returning to unrestricted full-time duty. . . ." Record at 30a (emphasis added). Based upon this conclusion, the State Police were not required to reinstate Kornguth under the terms of the arbitration award.
The Commonwealth Court correctly observed that the arbitrator's award did not include any reference to the contingency which arose from the psychiatrist's reports, that being Kornguth's return to work under restrictions. Pennsylvania State Troopers' Ass'n (Trooper David S. Kornguth) v. Pennsylvania State Police, No. 354 M.D.1991, slip op. at 4. Accordingly, because there was no order concerning the actions to be taken in the event of a negative evaluation, the decision of whether to reinstate Kornguth was left solely to the discretion of the State Police administration.
In Pennsylvania Dental Ass'n v. Commonwealth Ins. Dep't, 512 Pa. 217, 516 A.2d 647 (1986), this Court stated that
mandamus will not lie to compel discretionary acts, this has usually been interpreted to mean that while a court may direct that discretion be exercised, it may not specify how that discretion is to be exercised nor require the performance of a particular discretionary act. The writ cannot be used to control the exercise of discretion or judgment by a public official or administrative or judicial tribunal; to review or compel the undoing of an action taken by such an official or tribunal in good faith and in the exercise of legitimate jurisdiction, even though the decision was wrong; to influence or coerce a particular determination of the issue involved; or to perform the function of an appeal or writ of error.
Id. at 227-28, 516 A.2d at 652 (citations omitted). Thus, the Commonwealth Court correctly dismissed the Association's Petition for Review in the nature of a writ of mandamus because the decision of the State Police to dismiss Kornguth *440 was purely discretionary in view of the recommendations contained in Kornguth's psychiatric evaluation.
The Association's remaining two allegations of error relate to the Commonwealth Court's misapprehension of the arbitrator's award and the failure of the State Police to comply with the terms of the award. Based upon the foregoing analysis, it is clear that these contentions are without merit and do not warrant further consideration.
Accordingly, the Order of the Commonwealth Court is affirmed.
LARSEN, J., did not participate in the decision of this case.
MONTEMURO, J., was an appointed Justice of the Court at the time of argument.[*]
NOTES
[*] Mr. Justice Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1800, due to the unavailability of Mr. Justice Larsen, see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.